[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Car Tune Systems, Inc. appeals the decision of the defendant commissioner of motor vehicles imposing a civil penalty of $1,000.00 and requiring the plaintiff to post a bond with the department of motor vehicles to ensure future compliance with the law. The commissioner acted pursuant to General Statutes §§14-52 and 14-60, upon finding that the plaintiff engaged in the business of selling a used automobile without a license to do so and that the plaintiff allowed an unauthorized person to operate a vehicle with the plaintiff's repairer's plate on it. The plaintiff appeals pursuant to § 4-183. The court finds in favor of the plaintiff.
On appeal, the plaintiff argues that the findings and conclusions of the hearing officer are not supported by the evidence in the record. The court agrees.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." The court's review of the agency's factual determinations is based on the "substantial evidence" rule. "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. Building Wrecking Co. v. Carrothers, 218 Conn. 580,601 (1991). CT Page 8256
These familiar precepts create a difficult obstacle to reversing an administrative agency's factual findings. Nevertheless, the obvious corollary to the rule is that the court may not affirm the agency's decision if the evidence in the record does not support it. In the present case, the court concludes that the evidence in the record does not support the hearing officer's most critical factual findings, thereby fatally undermining his conclusions of law as well.
The plaintiff corporation is a licensed repairer but it does not hold a license to sell new or used automobiles. Its president is Michaelangelo Trofa. In April 1995, the department of motor vehicles received a complaint from John Viscuso, a competitor of the plaintiff, that the plaintiff was illegally engaged in selling used automobiles. The department assigned an investigator, Robert Turner, to investigate the complaint. On June 29, 1995, Turner went to the home of Trofa, pursuing some evidence that he had that an illegal sale might take place there. He encountered both Mr. and Mrs. Trofa at that time and spoke to them. Turner subsequently filed a written report of his investigation.
At the administrative hearing, Turner testified and his written report was admitted in evidence. The plaintiff's president, Mr. Trofa, also testified at the hearing. There were no other witnesses.
Following the hearing, the hearing officer designated by the commissioner to hear and decide the case rendered his final decision. In that decision, the hearing officer made two crucial findings of fact, set forth in paragraph 6 of the "Findings of Fact" as follows:
 6. On or about June 29, 1995 the subject 1991 Volvo automobile was offered for sale to one John Viscuso dba Viscuso Motors at 19 Rose Street, Hamden, CT, home of the President of the Licensee (plaintiff corporation); the vehicle was observed at the said premises bearing repairer plate RF1198 and operated by the wife of the President of the Licensee.
Based on these findings, the hearing officer reached two "Conclusions of Law:" (1) that the plaintiff corporation violated CT Page 8257 § 14-52 (a) by offering the 1991 Volvo for sale on June 29, 1991; and (2) that the plaintiff corporation violated § 14-60
(b) by allowing Mrs. Trofa to operate the Volvo on that date with a repairer plate when she was not employed by the plaintiff or otherwise authorized by law to use the repairer plate.
The problem with the hearing officer's conclusions is that they are based on the factual findings in Paragraph 6 of his decision, quoted in full above, and those findings have no support in the record.
With respect to the offer to sell the Volvo to Viscuso, there is absolutely nothing in the record anywhere to suggest that it ever happened. Viscuso, as noted, was the complainant, but his complaint does not indicate that the plaintiff ever tried to sell him a car. And the investigator's testimony makes clear that Viscuso was not present at the Trofas' home on June 29, 1995, when the purported offer to sell the Volvo to him was made. The factual finding involving Viscuso as the potential buyer has no support in the evidence and may not stand.
Since that finding of fact naming Viscuso as the potential buyer is the only finding offered to support the conclusion that the plaintiff violated § 14-52 (a), that conclusion may not be affirmed.
The finding and conclusion regarding Mrs. Trofa's use of the repairer's plate is similarly infirm. Although the investigator's written report indicates that he saw Mrs. Trofa driving the Volvo with the plate on it when he went to the house on June 29, his testimony at the hearing, under oath, tells a totally different story. He testified that Mrs. Trofa answered the door when he arrived and that it was Mr. Trofa who drove up later in the Volvo with the repairer plate. Although Mr. Trofa testified that his wife occasionally drove a vehicle with a repairer plate, he stated that it was always on company business — test driving and picking up parts — and there was no substantial evidence to the contrary. Again, the court cannot escape the conclusion that the hearing officer's findings and his decision were totally unsupported by the evidence. They may not be affirmed, therefore.
The plaintiff's appeal is sustained.
MALONEY, J. CT Page 8258